UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CUNNINGHAM, *Pro Se*, | ) | Case No.: 1: 23CV 1486 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Anthony Cunningham filed a fee-paid complaint in this case on July 31, 2023 purporting to assert employment discrimination claims. On October 23, 2023, he filed an Amended Complaint naming the United States Postal Service and Gary Bush as Defendants. (Doc. No. 4.) His Amended Complaint does not set forth specific factual allegations or legal claims but simply generally alleges that the "USPS, Gary Bush informed his staff to conduct an illegal interview" of him, and that he is in Chapter 13 Bankruptcy. (*Id*. at 2.) It does not appear that Plaintiff has properly served Defendants in accordance with Fed. R. Civ. P. 4, and they have not appeared in the case.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416

(6th Cir. 1996). *Pro se* plaintiffs are required to meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Further, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds this action must be dismissed in accordance with *Apple v. Glenn*. Even assuming Plaintiff intended his Amended Complaint to be a supplement to, rather than to supercede, his original pleading in this case, he has already filed another action in this district against the United States Postal Service and Gary Bush pertaining to the same allegations, and that action is pending before Judge Fleming. *See Cunningham v. USPS, et al.*, No. 1: 23 CV 1302, Doc. No. 7 (N.D. Ohio).

This duplicative lawsuit is therefore frivolous. *See Miller v. Gregg*, Case No. 2:23-cv-169 2023 WL 6119073, at *1 (W.D.Mich. Sept. 19, 2023) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants. Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit.") (internal quotation marks and citations omitted).

Accordingly, pursuant to the Court's authority established in *Apple v. Glenn*, this action is hereby dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

2

from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                                */S/SOLOMON OLIVER, JR.*
                                                SOLOMON OLIVER, JR.
                                                UNITED STATES DISTRICT JUDGE

February 15, 2024